```
 1
 2
 3
 4
 5
 6
 7
 8
 9                    UNITED STATES BANKRUPTCY COURT
10                    EASTERN DISTRICT OF CALIFORNIA
11                           ----oo0oo----
12  IN RE GUST KEPREOS and LINDA
    KEPREOS,
13                                        NO. 05-21669-C-7
               Debtors.                   NO. MC S-05-0422 WBS
14
                                          ORDER RE: MOTION TO FILE
15                                        IN FORMA PAUPERIS
16  KIMBERLY R. OLSON,
17             Movant.
18                           ----oo0oo----
```

19        Kimberly Olson moves the court for an order permitting
20  her to file her Objection to Discharge and Adversarial Complaint
21  without requiring her to pay the $250 filing fee.  (See
22  Bankruptcy Court Miscellaneous Fee Schedule, available at
23  http://www.caeb.uscourts.gov/data/formpubs/EDC.002-034.pdf).  She
24  has filed a declaration that states "I have no income other than
25  monthly SSI disability payments of $730.80, and I cannot afford
26  to pay any filing fees in this Court."  (Olson Decl. ¶ 5).  The
27  declaration also states that her action is based upon the
28  debtors' willful and malicious torts against movant.  (Id. ¶ 3).

1

1    As an preliminary matter, the Ninth Circuit has
2 determined that because bankruptcy judges are Article I and not
3 Article III judges, a bankruptcy court is not "a court of the
4 United States."  Therefore, only a district judge has authority
5 to waive fees pursuant to 28 U.S.C. § 1915.  In re Perroton, 958
6 F.2d 889, 893, 896 (9th Cir. 1992).

7    The question before the court is whether movant's
8 declaration is sufficient under § 1915(a)(1), which reads:

> Subject to subsection (b) [applying to prisoners only], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [sic] possesses [and] that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

15    "Despite the statute's use of the phrase 'prisoner
16 possesses,' the affidavit requirement applies to all persons
17 requesting leave to proceed IFP."  Martinez v. Kristi Kleaners,
18 Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citing Haynes v.
19 Scott, 116 F.3d 137, 140 (5th Cir. 1997) and Floyd v. U.S. Postal
20 Serv., 105 F.3d 274, 275 (6th Cir. 1997)).

21    Movant's affidavit is presently insufficient.  Although
22 she has stated that she has a low income, she has not included a
23 statement of all assets she possesses.
24 ///
25 ///
26 ///
27 ///
28 ///

1 | IT IS THEREFORE ORDERED that movant's motion to proceed
2 | in forma pauperis be, and the same hereby is, DENIED WITHOUT
3 | PREJUDICE.
4 | DATED:  September 21, 2005

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE